IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                                         Cr. S-07-76 KJM

    vs.

ROBIN LANE SCHULTZ,

    Defendant.                                        <u>ORDER</u>

_____/

        This matter was on calendar on January 10, 2008 for hearing on the government's amended motions in limine.  Kari L. Ricci, Certified Law Student, and Matthew Stegman, Assistant United States Attorney, appeared for the government.  Lexi Negin, Assistant Federal Defender, appeared for defendant, who was not present under the authority of her waiver of appearance.

        The government's motion has seven parts.  The court will not resolve parts one, two, or seven in this order.  The parties are directed to file concise letter briefs by close of business Friday, January 11, 2008, identifying authority that addresses the question whether the court may consider Ms. Negin's <u>ex parte</u> outline of defense strategy in ruling on parts one and two of the motion in limine.

/////

In addition, the defense is directed to file its comments on the government's request for the court to determine the adequacy of the foundation and/or certification and authentication of certain records by the close of business on Tuesday, January 15, 2008. The court will hear argument on this matter on Thursday, January 17, 2008 at 10:00 a.m.

A. Exclude Character Smears Of Military Officers (Motion Three)

The government asks the court to direct the defense to make a proffer before cross-examining its military officers as to specific acts of misconduct.

Under Rule 608(b) of the Federal Rules of Evidence, a witness can be impeached with specific instances of misconduct that relate to untruthfulness. An examiner must have a good faith basis for asking about specific incidents. United States v. Lopez, 854 F.Supp. 57, 59 (D.P.R. 1994). Acts of fraud or embezzlement are proper subjects for cross-examination. United States v. Tomblin, 46 F.3d 1369, 1389 (5th Cir. 1995).

The court relies on the parties to know the rules of evidence and to know when and if to object. The court also will hold defense counsel to her assurance that she will approach the bench before embarking on potentially problematic areas of cross-examination.

B. Exclude Irrelevant Hearsay And Speculative Character Evidence (Motion Four)

Under Rule 405(a) of the Federal Rules of Evidence, a defendant may offer good character evidence in the form of testimony as to her reputation or in the form of an opinion. See also Fed. R. Evid. 404(a); Michelson v. United States, 335 U.S. 469, 476 (1948); United States v. Diaz, 961 F.2d 1417, 1419 (9th Cir. 1992). There is no requirement that she testify before such evidence is admissible.

The court declines to make any ruling concerning unidentified "irrelevant hearsay," but trusts the government understands its obligation to raise appropriate objections.

C. Preclude The Wearing Of Military Uniforms (Motion Five)

Neither the defendant nor any other military witness will be allowed to wear a uniform during trial. If any party intends to call a witness whose position is that he or she is

required to wear a uniform when appearing trial, that party shall present specific authority showing that the witness is required to do so, by the close of business on January 17, 2008. Cf. United States v. Pintado-Isiordia, 448 F.3d 1155, 1158 (9th Cir. 2006).

D.  Preclude Defendant's Excessive Displays Of Emotion (Motion Six)

    The court trusts counsel to raise appropriate objections during trial and to discuss with witnesses and parties, before trial begins, appropriate courtroom decorum.

    IT IS SO ORDERED.

DATED: January 10, 2008.

_____
U.S. MAGISTRATE JUDGE

2

schu0076.oah(2)