IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                               Cr. S-07-76 KJM

    vs.

ROBIN LANE SCHULTZ,

    Defendant.                            <u>ORDER</u>

_____/

        This matter was on calendar on January 10, 2008 for hearing on the government's amended motions in limine. Kari L. Ricci, Certified Law Student, and Matthew Stegman, Assistant United States Attorney, appeared for the government. Lexi Negin, Assistant Federal Defender, appeared for defendant, who was not present under the authority of her waiver of appearance.

        In a previous order, the court has resolved parts three, four, five and six of the government's motion. Further hearing on part seven is set for Thursday, January 17, 2008 at 10:00 a.m.

        In parts one and two of the motion, the government asks the court to restrict the defense from introducing evidence of defendant's alleged mistreatment while in training and later in the California National Guard, as well as her mental health during that time and other

"irrelevant information."  The government also seeks an order preventing defendant from presenting corresponding portions of her statement to investigators and of a statement she allegedly posted on Craig's List, which cover the same topics.

As provided by the court's order of January 14, 2008, defense counsel submitted an ex parte memorandum outlining defense strategy in opposition to the motion in limine.  The court has considered defense counsel's submission in ruling on the motion.

The court does not find the evidence of defendant's problems with the military, her use of anti-depressants[1] or her mental health history to be relevant on the record as it now stands.  Fed. R. Evid. 402; see United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1998) (evidence about defendant's motive for committing the crime excluded when it did not constitute a recognizable defense).  Nor does the court find that the rule of completeness as embodied in Federal Rule of Evidence 106 allows the defense to elicit from the investigators who took defendant's statement all aspects of that statement:  that rule does not apply to an unrecorded oral confession.  United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000).  Finally, the evidence is not relevant to the voluntariness of defendant's statement because she has not alleged that the investigators exploited either her mental health or defendant's dissatisfaction with the Guard to secure her statement.  Colorado v. Connelly, 479 U.S. 157, 165 (1986) ("while mental condition is surely relevant to an individual's susceptibility to police coercion, mere examination of the confessant's state of mind can never conclude the due process inquiry"); Pollard v. Galaza, 290 F.3d 1030, 1033 (9th Cir. 2002) ("Under the Fourteenth Amendment, a confession is involuntary only if the police use coercive means to undermine the suspect's ability to exercise his free will. . . . In determining whether a statement is voluntary, the court looks at the surrounding

---

[1] While defendant may not present lay evidence about a specific diagnosis, it would be permissible for her to testify that she was depressed.  Farfaras v. Citizens Bank and Trust, 433 F.3d 558, 565 (7th Cir. 2006) (lay testimony that person seemed depressed admissible; jury can understand difference between emotional state and specific psychological condition); Hrichak v. Pion, 498 F.Supp.2d 380 (D.Me. 2007) (lay witness cannot offer self-diagnosis of nature of impairment but can describe symptoms).

2

1  circumstances and the combined effect of the entire course of the officer's conduct upon the
2  defendant."); compare Crane v. Kentucky, 476 U.S. 683, 691 (1986) (defense may present
3  evidence re: voluntariness of statement to the jury when appropriate).
4        The court does find that the material referenced in the first and second paragraph
5  of page two of defense counsel's ex parte memorandum to be relevant.  Counsel may pursue her
6  proposed strategy at trial.  Nothing in this order, however, prevents the government from
7  objecting to the material defense counsel attempts to offer or elicit.
8        What portions of the Craig's List posting should be admitted depends, in part, on
9  how it is admitted.  Assuming the government is able to lay the proper foundation for the posting,
10 the court does not find that the rule of completeness requires the admission of statements in the
11 posting about mistreatment in the military or mental health as explained below.
12       Rule 106 of the Federal Rules of Evidence provides:

> When a writing or recorded statement or part thereof is introduced
> by a party, an adverse party may require the introduction at that
> time of any other part or any other writing or recorded statement
> which ought in fairness to be considered contemporaneously with
> it.

16       The rule of completeness embodied in Rule 106 is designed to avoid any
17 misleading impression created by taking a statement out of context.  United States v. Dorrell, 758
18 F.2d 427, 434 (9th Cir. 1985).  Accordingly, under the rule, omitted portions of a statement
19 should be admitted when relevant and "necessary to qualify, explain, or place into context the
20 portion already introduced."  United States v. Branch, 91 F.3d 699, 728 (5th Cir. 1996).
21       In United States v. Dorrell, the defendant entered Vandenburg Air Force Base and
22 damaged a building that housed missiles.  Defendant's written confession included his political
23 and moral reasons for his action.  When the government offered a redacted version of the
24 confession in evidence, the defense sought to have defendant's reasons admitted under the rule of
25 completeness.  The Ninth Circuit agreed with the district judge that excising defendant's political
26 and religious motivations for his actions did not violate Federal Rule of Evidence 106 because

1   the excision did not change the meaning of the portions of his confession submitted to the jury
2   and did not undercut his confession.  Dorrell, 758 F.2d at 435.  The court observed that
3   defendant's "motivation did not excuse the crimes" because it did not relate to a recognized
4   defense.  Id.; see also United States v. Komisaruk, 885 F.2d 490, 496 (9th Cir. 1989)
5   (permissible to redact defendant's description of her subjective political motivation for
6   vandalizing an Air Force computer because "her explanation was neither legally exculpatory nor
7   relevant").

   Even if it becomes necessary to admit additional portions of the Craig's List posting as a foundation for its admission, the court anticipates allowing use of the posting in the redacted form attached to this order.

   IT IS SO ORDERED.

DATED:  January 16, 2008.

_____
U.S. MAGISTRATE JUDGE

2 schu0076.oah(3)