IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                                       Cr. S-07-76 KJM

    vs.

ROBIN LANE SCHULTZ,

    Defendant.                                  ORDER

_____/

        This matter was on calendar on January 17, 2008 for hearing on part seven of the government's amended motion in limine regarding the authentication of certain records.  Kari L. Ricci, Certified Law Student, and Russell Carlberg, Assistant United States Attorney, appeared for the government.  Lexi Negin, Assistant Federal Defender, appeared for defendant, who was not present under the authority of her waiver of appearance.

        In two previous orders, the court has resolved parts one through six of the government's motion in limine.  This order is limited to a determination whether any of the documents are self-authenticating under Federal Rule of Evidence 902 and does not foreclose objections on any other ground.

/////

/////

1

The government has proffered groups of documents, each accompanied by a form of certification; the defense has objected to the adequacy of most of the certifications. The defense does not dispute the adequacy of the certification of records from the California Department of Motor Vehicles, identified by page numbers 1-2, 229-241, 244-246 and 250.[1] The court finds they are self-authenticating within the meaning of Federal Rule of Evidence 902(1).

The next group of documents is from U.C. Davis Army ROTC, with a cover sheet certification signed by Charles Nickelberry, which the government has offered under Federal Rules of Evidence 902(4) and 902(11). The page numbers corresponding to this group are 290-299. Defendant argues that each document in this group must be identified or that the certification must be on each page; the court overrules this objection. See United States v. Pent-R-Books, 538 F.2d 519, 528 (2d Cir. 1976). At the same time, the court relies on the government's assurance that it will provide the defense with copies of the subpoena issued to U.C. Davis Army ROTC, as well as the other subpoenas duces tecum implicated by this motion. Having carefully considered the argument of counsel, however, the court finds on the present record that the government has not established that the documents are self-authenticating. See United States v. Weiland, 420 F.3d 1062, 1071-74 (9th Cir. 2005), cert. denied, 547 U.S. 1114 (2006).

The third group of documents is from the GSA Fleet Manager, with a certification signed by Ralph Pasillas, which the government again offers under Federal Rules of Evidence 902(4) and 902(11). The page numbers corresponding to this group are 277-289. The government concedes that the handwritten note on page 280 should be redacted. The government, however, has not satisfied the requirements for this group of documents to be self-authenticating. Weiland, 420 F.3d at 1071-74.

---

[1] The documents referenced have not been filed, but were provided to the court and opposing counsel for review in connection with the government's motion.

A group of Army National Guard payroll records, with a certification signed by Sgt. Sheila Harris, comprises the fourth collection of documents, numbered as pages 266-276. The government concedes the handwritten notes on pages 268-274 are not material. Once again, however, the government has not fulfilled the requirements to permit the documents to be deemed self-authenticating. Weiland, 420 F.3d at 1071-74.

Military payroll records make up the fifth group of documents; the certification for this cluster is signed by Steven J. Howard, Military Pay Technician with the California Army National Guard. Once again, the government concedes that the handwritten notes on every page of these records should be redacted. Once again, however, the court does not deem these records self-authenticated. Weiland, 420 F.3d at 1071-74.

Records from the California Army National Guard, Personnel Division comprise group six of the documents offered by the government. Of this collection, the government seeks a determination of self-authentication as to those pages numbered 152-167, 168, 170-188 and 213-216. The government acknowledges that certain information on some of these pages needs to be redacted to protect privacy interests if the government seeks to admit them. The court declines to deem these documents self-authenticated. Weiland, 420 F.3d at 1071-74.

The seventh group of documents is from the Director of Army Aviation and Safety of the California Army National Guard, and is certified by Colonel Robert Spano. The pages numbers of this group are 300 and 102-150. Certain pages contain information that needs to be redacted to protect privacy interests, if admitted. These documents also are not self-authenticating. Weiland, 420 F.3d at 1071-74.

Documents from three businesses–Ed's Unocal 76, Harv's Car Wash, Smog, and Detail and Howe Avenue Shell–are offered as the eighth group of documents, over defense objection. The page numbers assigned to this group are 79-81, 256, 33A-43A, 257 and 31A. The court finds these documents to be self-authenticating within the meaning of Federal Rule of Evidence 902(11).

The ninth group of documents was provided by the GSA Fleet Manager for the California Army National Guard and certified by LaShawna Mason-Hill. The page numbers for this group are 82-87 and 98-101. These are not self-authenticating. <u>United States v. Weiland</u>, 420 F.3d 1071-1074.

Of the tenth group of documents, provided by Craig's List and certified by Customer Service Manager Clint Powell, the government seeks to admit only pages 302-306 (in compliance with the court's ruling of January 16, 2007), 310-312, 319-320 and 325-326. The government has offered these as records of regularly conducted activity within the meaning of Federal Rule of Evidence 902(11). The defense objects, including on grounds that given the nature of the Craig's List postings, the certification by Mr. Powell cannot, despite its wording, satisfy the requirement of Rule 902(11)(A), that the records were "made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters." On this point, defense counsel's argument is well taken. See <u>United States v. Childs</u>, 5 F.3d 1328, 1333-34 (9th Cir. 1993); <u>Rambus, Inc. v. Infineon Technologies AG</u>, 348 F. Supp. 2d 698, 706-07 (E.D. Va. 2004). On the record currently before it, the court does not find the Craig's List postings to have been self-authenticated.

To the extent the government seeks to cure deficiencies in its initial offer of certifications, it may file new certifications with the court by the close of business on Friday, January 18, 2008, and the court will rule on the certifications during the first pretrial session at 10 a.m. on January 22, 2008.

IT IS SO ORDERED.

DATED: January 17, 2008.

_____
U.S. MAGISTRATE JUDGE

2 schu0076.oah(4)